1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   David V. Smith,                    )    No. CV-03-181-PHX-DGC (LOA)
                                        )
10           Plaintiff,                 )    **REPORT AND RECOMMENDATION**
                                        )
11   vs.                                )
                                        )
12   Joseph M. Arpaio,                  )
                                        )
13           Defendant.                 )
                                        )
14   _____ )

15          This matter arises on the Court's review of the file.  Plaintiff commenced this action on

16   January 28, 2003. (document # 1) On June 20, 2003, the Court ordered service of the Complaint

17   on Defendant and directed Plaintiff to return the completed service packet within twenty days

18   of the date of that Order.  (document # 4)  In that same Order, the Court directed Plaintiff to

19   immediately notify the Court in writing of any change in his address and warned Plaintiff that

20   failure to do so could result in dismissal of this action.

21          Thereafter, on June 26, 2003 the Court received returned mail addressed to Plaintiff

22   marked "not deliverable."  (document # 5)  Additionally, Plaintiff did not return a completed

23   service packet by the  deadline.  Plaintiff violated the Court's June 20, 2003 Order by failing to

24   advise the Court of his new address and by failing to return a completed service packet by the

25   deadline.  Moreover, the docket reflects that Plaintiff has not taken any action since he filed this

26   case on January 28, 2003.  In view of Plaintiff's failure to comply with court orders and failure

27   to prosecute, the Court ordered Plaintiff to show cause why this action should not be dismissed.

28   See FED.R.CIV.P. 41(b)).

On February 21, 2006, Plaintiff responded to the Order to Show Cause.  (document # 9)  Plaintiff claims that he submitted a Notice of Change of Address on June 24, 2003.  Although the docket sheet does not reflect that Plaintiff filed such a notice, a September 3, 2003 Order (document # 6) was mailed to Plaintiff and not returned to the Court.  Additionally, Plaintiff received the Show Cause Order.   Thus, it appears that sometime after June of 2003, the Court had a correct address for Plaintiff.

In his response to the Show Cause Order, Plaintiff further states that "until now [he] has not received anything from the Court or the defendant Sheriff."  (document # 9) Plaintiff also claims that on some unspecified date, he gave the completed service packet to prison officials to be mailed to the Court.  Accordingly, Plaintiff requests an extension of time to complete service of process.

Even assuming that Plaintiff filed a Notice of Change of Address in 2003 and attempted to mail a completed service packet to the Court, he does not explain why he waited nearly three years since he took those actions to inquire as to the status of his case.   In fact, Plaintiff waited until the Court issued a show cause order to inquire about his 2003 cause of action.  The foregoing facts indicate the Plaintiff had abandoned his cause of action and now that the Court has reminded him about it, wants to pursue his claims at this late date.  In view of the foregoing, the Court will consider whether to dismiss this matter for failure to prosecute.

When considering whether to dismiss an action for failure to prosecute, the court must consider: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Malone v. United States Postal Service, 833 F.3d 128, 130 (9th Cir. 1987)(quoting Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).

The first two factors weigh in favor of dismissal.  Even assuming that Plaintiff filed a notice of change of address in June of 2003, he has taken no action since that time.  Additionally, Plaintiff contends that he gave prison officials a completed service packet to send to the Court, but he did not inquire regarding the status of his case even though he never

received an Answer to his Complaint or other indication that service had been accomplished. Federal Rule of Civil Procedure 41(b) "obligates plaintiffs to prosecute their claims with reasonable diligence." <u>Petrich v. City of El Cerrito</u>, No. C 92-4087 BAC, 1993 WL 381307, * 2 (N.D.Cal., September 17, 1993)(citing <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522 (9th Cir. 1976)).  Plaintiff's status as an inmate "might excuse delays in prosecuting the case . . . , but it does not excuse total neglect." <u>Id.</u> (citations omitted)(dismissing prisoner's cause of action for failure to prosecute based on inaction for nearly a year).  Here, even assuming the truth of Plaintiff's allegations in his response to the show cause order, Plaintiff has done nothing in this case since 2003.  He never inquired regarding the status of service of process or otherwise prosecuted his case.

Third, Plaintiff bears the burden of persuasion as to the reasonableness of his delay and lack of prejudice to Defendant. <u>See Franklin v. Murphy</u>, 745 F.2d 1221, 1232 (9th Cir. 1984). "In determining whether a defendant has been prejudiced, [the court] examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." <u>Malone</u>, 833 F.2d at 131 (citing <u>Rubin v. Belo Broadcasting Corp. (In re Rubin)</u>, 769 F.2d 611, 618 (9th Cir. 1985)).  Under Rule 41(b), Plaintiff is required to prosecute his case with reasonable diligence. <u>Moore v. Telfon Communications Corp.</u>, 589 F.2d 959, 967 (9th Cir. 1978).  The Ninth Circuit has held that "'failure to prosecute diligently is sufficient by itself to justify a dismissal.'" <u>Nealey v. Transportacion Maritima Mexicana</u>, 662 F.2d 1275, 1280 (9th Cir. 1980)(quoting <u>Anderson</u>, 542 F.2d at 524).  An unreasonable delay creates a presumption of prejudice to defendant. <u>Nealey</u>, 662 F.2d at 1280 (citation omitted).

Here, Plaintiff's failure to prosecute his claims has effectively stopped the litigation of this matter.  Plaintiff had not taken any action in this matter since 2003.  There is no indication that Plaintiff would have taken any action in this case had he not been prodded by the Court. Under these circumstances, the Court finds that Plaintiff has not satisfied his burden of persuasion on the issue of prejudice. <u>See Franklin v. Murphy</u>, 745 F.2d 1221, 1232 (9th Cir. 1984)(finding that district court did not abuse its discretion in dismissing action based on

1    plaintiff's failure to serve process where plaintiff had failed to satisfy his burden of establishing

2    lack of prejudice to defendants.)

3        Fourth, the Order to Show Cause warned Plaintiff that the Court may dismiss the matter

4    if Plaintiff did not show cause for his failure to prosecute.  This warning satisfies the Court's

5    obligation to consider less drastic alternatives to dismissal.  See Malone, 833 F.2d at 132

6    (citations omitted).  Additionally, there is one less drastic sanction available to the court.  Rule

7    41(b) provides that dismissal for failure to prosecute is with prejudice "[u]nless the court in its

8    order for dismissal otherwise specifies."  Id.  Here, dismissal with prejudice would be unduly

9    harsh.  Therefore, the Court recommends dismissing this matter without prejudice.  See

10    Hernandez v. Arpaio, No. CV-05-3227-PHX-NVW (MEA), 2005 WL 3054055 (D.Ariz.,

11    November 10, 2005)(dismissing § 1983 complaint without prejudice based on plaintiff's failure

12    to prosecute pursuant to Fed.R.Civ.P. 41(b)).

13        Finally, the public policy in favor of deciding cases on the merits weighs against

14    dismissal.  This factor alone, however, does not  outweigh the other factors which support

15    dismissal.  Malone, 833 F.2d at 133 n.2.

16        After review of the foregoing factors, the Court finds that this matter should be dismissed

17    based on Plaintiff's failure to prosecute his claims.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260

18    (9th Cir. 1992)(stating that district courts have the authority to "control their dockets and, . . .

19    they may impose sanctions including, where appropriate, . . . dismissal of a case." )(internal

20    quotation omitted).

21        Accordingly,

22        IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice

23    for failure to prosecute pursuant to FED.R.CIV.P. 41(b).

24        This recommendation is not an order that is immediately appealable to the Ninth Circuit

25    Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate

26    Procedure, should not be filed until entry of the District Court's judgment.  The parties shall

27    have ten days from the date of service of a copy of this recommendation within which to file

28    specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),

Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 9th day of March, 2006.

Lawrence O. Anderson
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28